## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>AVI SCHWALB,<br><br>           Debtor. | Chapter 11<br><br>Case No. 25-12666 JGR |
| JOHN DOE AND JANE ROE,<br><br>           Plaintiffs,<br><br>v.<br><br>AVI SCHWALB,<br><br>           Defendant. | Adversary Case No. 25-1255-JGR |

## **PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

John Doe and Jane Roe (together, "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for an order granting them leave to proceed under pseudonym and requiring the parties to this action to maintain the confidentiality of their identities.

Plaintiffs are asylum seekers from Venezuela who suffered serious retaliatory and discriminatory conduct at the hands of their landlord, Defendant Avi Schwalb, because of their immigration status. Through this action and the related state-court proceeding, Plaintiffs seek to vindicate their rights against Defendant under Colorado law, which prohibits such conduct. Pseudonymous proceedings are warranted here because all of the relevant bases for such action are present: (1) this case involves highly sensitive personal matters, (2) Plaintiffs face a real risk of physical harm, (3) the injury Plaintiffs are

litigating against would be worsened through disclosure, and (4) the balance interests weighs heavily in favor of Plaintiff's request.[1]

## BACKGROUND

Plaintiffs are a Venezuelan couple who live in Aurora with their two sons, who are fifteen and three years old. Plaintiffs have pending applications for asylum in the United States. Plaintiffs are seeking asylum in the United States due to their credible fears of physical harm and death in their home country, and these risks of harm will be unnecessarily exacerbated should their identities and whereabouts be exposed during the course of this action.

Defendant, Avi Schwalb, owns and operates the apartment building where, until recently, Plaintiffs and their family resided.

Prior to the filing of the present bankruptcy, Plaintiffs were actively litigating claims against Defendant in state court related to Defendant's repeated discrimination, harassment, and intimidation based on Plaintiffs' Venezuelan national origin and perceived immigration or citizenship status (the "State Court Action"). Plaintiffs allege this conduct violated the Immigrant Tenant Protection Act, the Colorado Anti-Discrimination Act, and constituted an unlawful, extrajudicial eviction. Because of Plaintiffs' precarious legal status and the nature of their claims against Defendant, Plaintiffs sought and obtained an order in the State Court Action permitting them to proceed pseudonymously

---

[1] If permitted to file under pseudonym, Plaintiffs will provide their legal names to Defendant and the Court upon entry of a protective order.

and also a protective order prohibiting disclosure of their personally identifying information.

In light of Defendant's bankruptcy petition, Plaintiffs are now pursuing the present adversary proceeding to adjudicate the non-dischargeability of their claims against defendant. Through this Motion, Plaintiffs seek the same protections from this Court they have established in the State Court Action as they pursue their claims against Defendant in bankruptcy.

## LEGAL STANDARD

While the Federal Rules of Civil Procedure generally require complaints to include the names of all parties, *see* Fed. R. Civ. P. 10(a), 17(a), it is well-established that courts have discretion to permit parties to proceed pseudonymously when special circumstances justify anonymity. *See Doe v. Regents of Univ. of Colo.*, 603 F. Supp. 3d 1014, 1019 (D. Colo. 2022); *D.B.U. v. Trump*, No. 1:25-cv-01163-CNS, 2025 WL 1101149, at *1-2 (D. Colo. Apr. 14, 2025); *Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23-cv-00971-MLG-JMR, 2024 WL 4389461, at *2 (D.N.M. Oct. 3, 2024). In the Tenth Circuit, plaintiffs may proceed anonymously if any one of three independent circumstances are present: (1) where a case involves matters of a highly sensitive and personal nature, (2) where there is a real danger of physical harm, or (3) where the injury litigated against would be incurred as a result of disclosure. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Courts also weigh the public interest in determining whether anonymity is warranted. *Id.*

## ARGUMENT

I. **ANONYMITY IS WARRANTED UNDER ALL THREE *FEMEDEER* FACTORS**

All three *Femedeer* circumstances weigh in favor of granting Plaintiffs' anonymity here.[2] First, Plaintiffs' complaint contains highly sensitive and personal information about Plaintiffs' immigration status, their whereabouts in the United States, and details about their minor children. Second, Plaintiffs would face a real danger of removal, harassment and discrimination if their identifies were revealed. And third, the injury Plaintiffs are litigating against—retaliation, discrimination, and harassment based on their national origin and perceived immigration status—would be worsened if forced to reveal their identities publicly. Finally, the balance of equities favor proceeding under pseudonym since the rights that Plaintiffs seek to protect by remaining anonymous do not prejudice the public interest or Defendant's ability to defend against this action.

### A. Pseudonyms Are Necessary to Protect Plaintiffs' Highly Sensitive and Personal Information.

This case involves matters of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Plaintiffs seek asylum protection on fear-based grounds against removal to Venezuela where they previously experienced persecution and face a credible risk of inhumane treatment if forced to return. Federal courts, including courts in the Tenth

---

[2] The Arapahoe County District Court granted Plaintiffs' Motion for Leave to File Complaint under Pseudonym in the related action, finding good cause to allow Plaintiffs to participate in the case pseudonymously under the factors set forth in *Doe v. Heitler*, 26 P.3d 539 (Colo. App. 2001). *John Doe et al. v. Avi Schwalb et al.*, No. 2025-cv-30241 (Colo. Dist. Ct. Jan. 28, 2025) (Order Granting Mot. for Leave to File Compl. under Pseudonym, entered Jan. 29, 2025). The factors set forth in *Heitler* encompass the factors Tenth Circuit courts consider in determining whether to allow a complaint to be filed pseudonymously. *See* 26 P.3d 539, 541-42 (Colorado courts consider whether: the matter is of a sensitive and highly personal nature, identification poses a risk of retaliatory harm, the action is against a governmental or private party, plaintiff would be compelled to admit intention to engage in illegal conduct, and the risk of prejudice to the opposing party).

4

Circuit, recognize that asylum seekers and others pursuing immigration protections based on fear of persecution often present claims so sensitive that public identification would cause serious harm. *See, e.g.*, *D.B.U. v. Trump*, No. 1:25-cv-01163-CNS, 2025 WL 1101149, at *1-2; *Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *2–3; *G.P. v. Garland*, No. 21-2002, 2023 WL 4536070, at *1 & n.1 (1st Cir. July 13, 2023); *Roe v. Mayorkas*, No. 22-cv-10808-ADB, 2023 WL 3466327, at *1, *4 n.1 (D. Mass. May 12, 2023); *Doe v. Smith*, No. CV 17-11231-LTS, 2017 WL 6509344, at *1 & n.1 (D. Mass. Dec. 19, 2017); *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020); *W.G.A. v. Sessions*, 900 F.3d 957, 960 n.1 (7th Cir. 2018); *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *Doe v. U.S. Citizenship & Immigr. Servs.*, No. 1:21-cv-00576, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021); *Ms. Q. v. U.S. Imm. & Customs Enf't*, No. 1:18-cv-02409, 2018 WL 10050939, at *3 (D.D.C. Oct. 24, 2018); *A.B.T. v. U.S. Citizenship & Immig. Servs.*, No. 2:11-cv-02108-RAJ, 2012 WL 2995064, at *3–4 (W.D. Wash. July 20, 2012). Here, public disclosure of Plaintiffs' identities would expose them to risk of retaliation from both the Venezuelan government and members of the public due to the anti-immigrant sentiment focused specifically on Venezuelan migrants.

Further, disclosure of Plaintiffs' true identities would necessarily reveal sensitive information about their minor children. Federal courts have been inclined to grant permission to proceed under pseudonym where doing so would protect sensitive information about innocent non-parties. *See AslyumWorks v. Wolf,* 1:20-cv-03815, 2020 WL 13460835, at *3 (D.D.C. Dec. 23, 2020) (granting immigrant parents leave to proceed pseudonymously where identifying them would reveal the immigration status of their

5

minor children); *Doe v. Trs. of Dartmouth Coll.*, No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (permitting anonymous filing where forcing plaintiff to use his true name would expose innocent non-party to a risk of retaliatory harm); *Doe v. Eason*, No. 98-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999) (granting pseudonym status to parents where identifying them would necessarily expose sensitive information about their minor child). Plaintiffs' sons are fifteen and three years of age. Their parents' immigration status is sensitive information of theirs. It also may reveal their own immigration status and expose them to all the risks that their parents face.

Due to the highly personal and sensitive fact of their uncertain legal status, public disclosure of Plaintiffs' identities would expose them and their minor children to further harm from both the Venezuelan government and members of the public. Plaintiffs have a strong privacy interest in not being forced to reveal their true identities in order to vindicate their rights to be free from discrimination.

### B. Pseudonyms Are Necessary Because Petitioners Likely Face Retaliatory Harm by the Venezuelan Government and the Public if they are Identified

This case also satisfies the second *Femedeer* basis for pseudonymity: a real danger of physical harm. 227 F.3d at 1246. Plaintiffs face a serious risk of retaliatory harm from the Venezuelan government to themselves and their family should they be identified as asylum seekers fleeing persecution. Plaintiffs also face a serious risk of retaliatory harm from members of the public in the United States given the extreme anti-immigrant sentiment directed specifically at Venezuelan immigrants in Aurora, Colorado, where Plaintiffs reside and the locale of Defendant's alleged unlawful conduct against them.

Plaintiffs face removal to Venezuela which poses a serious threat to their safety. Asylum seekers are, by definition, seeking refuge from persecution in their home country. Plaintiffs, in particular, faced violent extortion by the Venezuelan government. Federal law acknowledges that the mere act of seeking asylum in the United States can provoke further persecution and protects such claims from disclosure to third parties. *See* C.F.R. §§ 208.6, 1208.6. Federal courts routinely permit pseudonymous filings for asylum seekers like Plaintiffs, in recognition that should they lose their asylum claim, they could be returned to their country of origin, and further persecuted for seeking safety in the United States from their own government. *See Doe v. U.S. Customs & Immigr. Enforcement,* No. 1:23-cv-00971-MLG-JMR, 2024 WL 4389461, at *2-3 (granting asylum seekers from Venezuela leave to proceed pseudonymously, in light of their risk of persecution should they be returned to their home country); *AslyumWorks v. Wolf,* 1:20-cv-03815, 2020 WL 13460835, at *3 (permitting plaintiffs to proceed pseudonymously because the record that they sought asylum could endanger them in their country of origin); *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *United States v. Doe*, 655 F.3d 920, 922 (9th Cir. 1981); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007); *Doe v. U.S. Dep't of Justice*, 867 F.2d 285 (6th Cir. 1989); C.*M. v. United States*, No. 2:19-cv-05217 (D. Ariz. Sept. 23, 2019), ECF No. 7; *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *3–4, *6 (S.D. Cal. Dec. 20, 2017); *A.B.T. v. U.S. Citizenship & Immig. Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064, at *5 (W.D. Wash. July 20, 2012).

Plaintiffs also face risk of harm in the United States due to the intensified anti-immigrant rhetoric targeting Venezuelan migrants. Courts have found pseudonymous filing appropriate where there is a serious risk of harm to plaintiff if they are identified due to a volatile political climate surrounding the suit. *See Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981) (permitting pseudonymous filing where plaintiffs faced extensive harassment and violent reprisal if their identities were disclosed, because of the community's hostility to their viewpoint); *Doe v. Germany*, 680 F. Supp. 3d. 1, 5 (D.D.C. 2023) (granting plaintiff's motion to proceed pseudonymously where others engaged in reporting on a particular subject had been retaliated against, even without direct threat against the plaintiff); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. Mar. 31, 2016) (permitting pseudonymous filing where plaintiff risked harm from the public due to national climate around sexual assault and local press attention). Where a lawsuit occurs in a heavily politicized context, "[t]hose with a more tenuous legal status have an exponentially greater concern over the dangers of participating[.]" *Lozano v. City of Hazleto*n, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007).

The conditions in Aurora, Colorado for Venezuelan immigrants support a pseudonymous filing. In 2024 and 2025, then-presidential candidate Donald Trump spread misinformation and fear about Venezuelan migrants in Aurora. *See* Johnathan Wiseman, *How the False Story of a Gang 'Takeover' in Colorado Reached Trump*, N.Y. Times (Sept. 15, 2024), https://www.nytimes.com/2024/09/15/us/politics/trump-aurora-colorado-immigration.html (reporting on claim that Aurora had been taken over by Venezuelan gangs); Chase Woodruff, *After Months of Deportation Rhetoric, Trump's First*

8

*Hours in Office Put Aurora on Edge*, Colo. Newsline (Jan. 21, 2025) https://coloradonewsline.com/2025/01/21/deportation-rhetoric-trump-auroraon-edge/ (reporting on then-candidate Trump's speech calling effort to "hunt down" immigrants "Operation Aurora"). In this context, Plaintiffs fear that if they are identified as Venezuelan migrants in Aurora seeking to effectuate their right to be free of anti-immigrant discrimination, they will be subject to harassment, threats, and physical violence. Courts in the Tenth Circuit have granted similar relief where plaintiffs faced credible threats of violence or retaliation if publicly identified. *See Does 1–11 v. Board of Regents of the University of Colorado,* No. 21-cv-02637, 2022 WL 43897, at *2 (D. Colo. Jan. 5, 2022) (permitting students in COVID-19 litigation to proceed under pseudonym based on the possibility of stigma and reputational harm alone); *Does I–V v. Rodriguez*, No. 06-cv-00805, 2007 WL 684114, at *2 (D. Colo. Mar. 2, 2007) (allowing anonymity for immigrant laborers who risked retaliation by their employer). Plaintiffs also fear retaliatory harm to their minor sons due to the high level of anti-immigrant public sentiment.

In sum, Plaintiffs face a real and immediate risk of physical harm from both government and non-governmental actors in Venezuela and the United States if their identities are revealed. These are precisely the kinds of exceptional circumstances the Tenth Circuit has recognized as justifying pseudonymity. *Femedeer*, 227 F.3d at 1246.

### C. Pseudonyms Are Necessary to Prevent the Very Injury This Litigation Seeks to Redress.

This case also satisfies the third circumstance under *Femedeer*, where pseudonymity is appropriate because "the injury litigated against would be incurred as a result of the disclosure." 227 F.3d at 1246. Forcing litigants with uncertain legal status to

9

publicly reveal that status "can have an *in terrorem* effect, limiting the willingness of plaintiffs to pursue their rights out of fears of the consequences of an exposure of their position." *Lozano*, 496 F. Supp. 2d at 513-14 (cleaned up) (citing *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002)).

Plaintiffs seek to effectuate their rights under Colorado's Immigrant Tenant Protection Act, a law enacted specifically to protect Colorado immigrant tenants such as Plaintiffs. If no immigrant can enforce their rights under the Act without making themselves a public target of further anti-immigrant retaliation, the purpose of the law would be frustrated. Public disclosure would transform this lawsuit from a vehicle for protection into a source of further harm. It would reinforce the very injury Plaintiffs seek to prevent: harassment, discrimination and retaliation based on their Venezuelan national origin and perceived immigration status. In short, Plaintiffs "efforts to vindicate [their] rights could themselves trigger the very injury [they] seek to prevent." *Roe v. Catholic Health Initiatives Colorado*, No. 11-cv-02179, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012); *see also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (considering whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," in determining whether to permit pseudonymous filing). Anonymity is therefore warranted to prevent this litigation from becoming a self-defeating exercise.

## II. THE BALANCE OF EQUITIES FAVORS ANONYMITY

The ultimate inquiry in determining whether to permit pseudonymous litigation is whether plaintiffs' privacy interest outweighs the public's general right of access. *Catholic Health Initiatives Colorado*, No. 11-cv-02179, 2012 WL 12840, at *5. Plaintiffs' substantial

10

privacy interests, particularly the highly personal nature of their immigration statuses and the substantial risk of harm should their identities be disclosed, far outweigh any minimal public interest in knowing their identity.

In contrast to Plaintiffs' heightened interest in confidentiality, the public's interest in knowing Plaintiffs' identities is minimal. The public interest in this case centers on the legality of Defendant's conduct, not on the identities of the individuals raising the challenge. While the issues that Plaintiffs raise in this lawsuit are a matter of significant public concern, revealing their identities will add little or nothing to the public's understanding of the lawfulness of the challenged conduct.

Further, Defendant would suffer no prejudice from Plaintiffs anonymity. The fact that claims are brought against a private party does not prohibit a pseudonymous filing. *See Doe v. Smith*, 105 F. Supp. 2d 40, 42-45 (N.D.N.Y. 1999) (granting plaintiff's motion for reconsideration to proceed anonymously against private party where plaintiff demonstrated the risk of psychological and emotional injury); *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) (a plaintiff with claims against private parties is not barred from pursuing those claims under a fictitious name). While this action is brought against an individual, the potential harms to Plaintiffs are so imminent and serious as to outweigh any concern that it may be generally unfair for a person to accuse another of wrongdoing in a public forum while remaining anonymous. See *Doe v. Neverson*, 820 Fed.Appx. 984, 988 (11th Cir. 2020) (allowing a suit against an individual perpetrator of sexual violence to proceed pseudonymously despite a risk of unfairness to the defendant, due to risk of harm to the plaintiff); *Doe 1 v. George Washington University*, 369

11

F.Supp.3d 49, 68 (D.C.C. 2019) (concluding that any unfairness to defendants caused by proceeding anonymously was outweighed by safety risks to student plaintiffs); *Balance Studios v. Cybernet Entertainment*, 204 F.Supp.3d 1098, 1098 (N.D. Cal. 2016) (finding that any unfairness to defendants was outweighed by safety risks to the plaintiff). Moreover, Defendant is already aware of Plaintiffs' identities through the State Court Action, where disclosure has been made subject to appropriate court-ordered protections.

Taken together, the equities strongly favor pseudonymity. Plaintiffs do not ask the Court to entirely seal proceedings or withhold public filings at this stage; they seek only the limited protection of proceeding under pseudonyms to avoid compounding the very harms they seek to redress.[3]

## CONCLUSION

For all of the above reasons, Plaintiffs respectfully request leave to proceed pseudonymously and for a protective order requiring all public filings and references to Plaintiffs in this litigation to use Plaintiffs' pseudonyms.

Respectfully submitted this 3rd day of September 2025.

---

[3] Plaintiffs intend to seek a more fulsome protective order in this case at a later date to protect sensitive information that must be filed with the Court or otherwise exchanged among the parties, including but not limited to Plaintiffs' personal identifying information.

*s/Alexandra K. Lewis*
Alec P. Harris, #47547
Alexandra K. Lewis, #60266
Maria J. Cho (California Bar No. #327388)
Kyle E. Darch, #55391
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, CO 80202
Tel: (302) 467-4200
Fax: (302) 467-4201
alec.harris@faegredrinker.com
alecks.lewis@faegredrinker.com
maria.cho@faegredrinker.com
kyle.darch@faegredrinker.com

Timothy R. Macdonald, #29180
Emma Mclean-Riggs, #51307
Anna I. Kurtz, #51525
American Civil Liberties Union Foundation of Colorado
303 E. 17th Avenue, Suite 350
Denver, CO 80203
tmacdonald@aclu-co.org
emcleanriggs@aclu-co.org
akurtz@aclu-co.org

Kelly L. Reeves, #58170
Sue My Landlord
8480 E. Orchard Rd., #2400
Greenwood Village, CO 80111
kelly@suemylandlord.org
(720) 248-3615

*Counsel for Creditors John Doe and Jane Roe*

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of September 2025, a copy of the foregoing was served via CM/ECF and via First-Class Mail on the parties listed below in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Howard J. Beck
3025 S. Parker Road, Suite 200
Aurora, CO 80014-2916

Peter A. Cal
Taft Stettinius & Hollister LLP
675 Fifteenth Street, Suite 2300
Denver, CO 80202-4258

Jordan D. Factor
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street, Suite 1900
Denver, CO 80202-3156

Lars H. Fuller
The Law Offices of Lars Fuller P.C.
3924 S. Wabash Street
Denver, CO 80237-1719

Zachary Hemenway
Stinson LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106-2178

Jon Jay Lieberman
Sottile & Barile, LLC
394 Wards Corner Road, Suite 180
Loveland, OH 45140-8362

Bailey C. Pompea
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street, Suite 1900
Denver, CO 80202-3156

*s/ Susan M. Haag*
Susan M. Haag, Senior Paralegal