**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>AVI SCHWALB,<br>SSN:  xxx-xx-0747,<br><br><br>          Debtor. | Case No. 25-12666-JGR<br>Chapter 7 |
| JOHN DOE,<br>JANE ROE,<br><br>          Plaintiff.<br>v.<br><br>AVI SCHWALB,<br><br>          Defendant. | Adv. Pro. No. 25-01255-JGR |

## ORDER DENYING DEFENDANT AVI SCHWALB'S SUPPLEMENTAL FILING AND NOTICE OF EXHIBITS

THIS MATTER is before the Court on Defendant Avi Schwalb's Supplemental Filing and Notice of Exhibits (With Supporting Authority)("Supplemental Filing") filed on April 2, 2026 (Doc. 42) and Plaintiffs' Response thereto filed on April 16, 2026 (Doc. 51). No reply has been timely filed.

On December 12, 2025, Plaintiffs filed a Motion for Clerk's Entry of Default (Doc. 28) and a Declaration in support thereof (Doc. 29).  A Clerk's Entry of Default was entered on December 12, 2025 (Doc. 31).

On December 30, 2025, the Defendant filed a Motion to Set Aside Clerk's Entry of Default (Doc. 33) and a Proposed Answer to Complaint (Doc. 34).  Plaintiff's Response to the motion was filed on January 13, 2026, and on March 6, 2026, the Court entered its Order Denying Motion to Set Aside Clerk's Entry of Default ("Order")(Doc. 37).

The Court construes the Supplemental Filing as either a motion to alter or amend or a motion seeking relief from the Order.

The Federal Rules of Civil Procedure provide that a litigant subject to an adverse judgment may file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). Fed.R.Bankr.P. 9023 and 9024 incorporate Fed.R.Civ.P. 59 and 60, respectively. Although Fed.R.Civ.P. 59(e) permits a motion to alter or amend a judgment to be filed within 28 days of the entry of the judgment, Fed.R.Bank.P. 9023 requires that motions under Rule 59 "must be filed within 14 days after the judgment is entered." Fed.R.Bankr.P. 9023.

Plaintiff is acting as a pro se litigant and the Court has liberally construed and held the Plaintiff to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).

"Grounds warranting relief under Rule 59(e) include (1) an intervening change in the controlling law, (2) newly discovered evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Silva v. U.S. Bank*, 817 Fed.Appx. 545, 550 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Circ. 2000). "A Rule 59(e) motion is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The Supplemental Filing was filed more than 14 days after the entry of the Order. Reconsideration of the Order under Fed.R.Civ.P. 59 and Fed.R.Bankr.P. 9023 is untimely.

Even if the relief was timely sought, the supplemental filing does not identify an intervening change in controlling law, does not present newly discovered evidence, or the need to correct clear error or prevent manifest injustice.

Relief from judgment under Fed.R.Civ.P. 60(b) provides six enumerated grounds for relief:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b) is made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024.

"Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances." *Richter*, 481 B.R. 682 (citing *LaFluer v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Amoco Oil Co. v. United States Department of Environmental Protection*, 231 F.3d 694, 697 (10th Cir. 2000); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

The Supplemental Filing does not establish grounds for relief under Fed.R.Civ.P. 60(b). It does not allege mistake, inadvertence, surprise, or excusable neglect. It does not allege the existence of newly discovered evidence. It does not allege fraud. It does not allege the Order is void. The Order is not susceptible to being satisfied, released, or discharged, and no other extraordinary grounds are alleged that would justify relief. The Supplemental Filing merely reiterates arguments presented in the Motion to Set Aside Clerk's Entry of Default which were considered and addressed in the Order. Therefore, it is

ORDERED that the request for relief to set aside the Clerk's Entry of Default contained in Defendant Avi Schwalb's Supplemental Filing and Notice of Exhibits (With Supporting Authority) is DENIED.

Dated this 14th day of ___May___, 2026.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge

3